COURT OF APPEALS
DECISION
DATED AND FILED

June 12, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2129-CR**

Cir. Ct. No. 2018CF2331

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

NICHOLAS J. HANLEY,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County: NICHOLAS J. MCNAMARA, Judge. *Affirmed*.

Before Blanchard, Graham, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Nicholas Hanley appeals a judgment of conviction and an order denying his motion for postconviction relief. The issue is whether the

circuit court erroneously exercised its sentencing discretion. We conclude that it did not, and therefore we affirm.

¶2     Based on allegations related to a single incident, Hanley pled guilty to one count each of homicide by negligent operation of a vehicle, reckless driving causing great bodily harm, and operation with a prohibited alcohol content as a fourth offense. At the plea hearing, Hanley stipulated that the facts alleged in the complaint could be used as the factual basis for his pleas. Briefly described, the complaint alleged that, as to the facts of the crash, Hanley attempted to pass another vehicle proceeding in the same direction on a county highway but, as he did so, the vehicle began a left turn, and Hanley struck the vehicle on the left side, killing the driver and injuring the passenger.

¶3     The circuit court imposed a combination of consecutive and concurrent sentences totaling five years of initial confinement and five years of extended supervision. Hanley moved for resentencing, and the court denied the motion. Hanley appeals.

¶4     The legal standards for the circuit court and this court regarding sentencing are well established and need not be repeated here. *See State v. Gallion*, 2004 WI 42, ¶¶17-51, 270 Wis. 2d 535, 678 N.W.2d 197. The parties do not appear to dispute applicable law, and their dispute concerns only the application of that law to the facts of this case.

¶5     Hanley argues that the circuit court improperly relied on the circumstances surrounding the sentence imposed in a different case. Hanley does not argue that the court was barred from considering or drawing comparisons with other cases or that Hanley lacked proper notice that the court was going to refer to the other case. He argues that doing so was improper because the other case was

"irrelevant" to his own sentencing. He argues that it was irrelevant because there were several dissimilarities with his own case, including that the other defendant's conduct was more aggravated and that the charges in the other case were more severe.

¶6 We recognize these dissimilarities and differences in conduct between Hanley and the defendant in the comparison case, and the circuit court recognized many of them also. However, Hanley's argument fails to acknowledge the similarities. We are satisfied that the court's purpose in referring to the other case was to illustrate the principle that, even if a defendant appears to have demonstrated extraordinarily good character both before and after an offense, the circumstances of the offense may be sufficiently egregious that the court will determine that a prison term is nevertheless necessary. We are not persuaded that the court made improper use of the other defendant's case.

¶7 Hanley also argues that the circuit court failed to consider probation as its first alternative, because the court used the other defendant's case as a "starting point." The record does not support the assertion that the court failed to consider alternatives to confinement. After summarizing the death of the homicide victim and the injuries to the reckless driving victim, the court said:

> It's too much. It's just too much. For that family and for this defendant with this history, the good history, the good character, but the history of this same conduct repeatedly, it's just too much, as I view this, to let him just go home.

¶8 The circuit court later repeated its basis for not allowing Hanley to avoid confinement. It said that the story Hanley tells after sentencing should not be:

> a story of a man on his fourth offense who kills a man and injures his wife and devastates a family in the community, and even his own family, that saying I did all of those things and I got to live with it and that's painful. And what

3

happened? Oh, I went home. I went back to work. I earned a lot of money. I loved people a little better. I thought about people a little better. But other than that[,] nothing, not much. My insurance went up. But I had good insurance, they took care of these people, and that's responsible, good. But that, you didn't go, you didn't have to go to prison? The answer is no, no, I didn't. I don't know, I'm not sure that's really the best message, or as good a message as and, and I gave up some[ ]time of my life.

It is clear from these statements that the court rejected non-confinement options due to the gravity of the offense and Hanley's record of prior offenses.

¶9      Hanley also argues that the circuit court gave insufficient consideration to what he refers to as the "contributory negligence" of the homicide victim in causing the fatal crash. Hanley argues that the victim's driving was "the primary cause" of the crash, and that his own negligence merely "likely played a part" in making the crash fatal. If Hanley was not "primarily at fault," Hanley asks, then "what makes his wrongdoing sufficiently serious to justify imprisonment?"

¶10      We first observe that this argument fails to give proper weight to the causation that Hanley pled guilty to. As provided in the jury instructions that were attached to the plea questionnaire, the homicide and reckless driving offenses both included as an element that Hanley's conduct caused death or great bodily harm, meaning that "the defendant's conduct was a substantial factor in producing" that result. In cases in which defendants have acknowledged this type of conduct, prison sentences are not necessarily reserved for those cases in which a defendant's conduct was the "primary" cause of an injury-causing crash, or in which the victim's driving was not the "primary" cause. The punishable crime, with the potential for a prison sentence, occurs if the conduct was at least a substantial factor.

¶11      Along similar lines, Hanley argues that the circuit court erred when it did not discuss the mitigating nature of the victim's contributory negligence, which

caused the court to give undue weight to Hanley's conduct. He states that "it is telling that the circuit court insists Hanley was negligent" for his excessive speed and modifications to his vehicle. However, Hanley pled guilty to being negligent. And, this plea was not to mere ordinary civil negligence, but to criminal negligence, requiring that his conduct created an "unreasonable and substantial" risk of death or great bodily harm. For these reasons, it is nonsensical for Hanley to object to the sentencing court placing weight on his criminal negligence.

¶12    It does not advance Hanley's argument for him to contend that his own "wrongdoing" was "truly" "minimal" compared to the conduct of the victim. Again, Hanley pled guilty to criminal negligence that was a substantial factor in causing death and great bodily harm, which occurred while he was also operating with a prohibited alcohol content as a fourth offense. The conduct of the victim, even if we were to assume a relative level of negligence greater than Hanley's, does not mitigate Hanley's own conduct to a level below the offenses to which he pled guilty. And, his offenses were not "minimal." Hanley could have sought to rely on the victim's conduct as the basis for an acquittal at trial, but he did not. He was properly sentenced for the conduct to which he pled guilty. In light of the history of the case, including all of the pertinent observations that the sentencing court did make, the court's silence regarding the victim's driving cannot reasonably be understood as a failure to be aware of the victim's conduct, to the extent that this conduct was relevant to the sentence. The court was not obligated to expressly discuss every possible mitigating factor.

¶13    For these reasons, we conclude that the circuit court did not err in sentencing Hanley.

        *By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).